**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————————

**No. 14-7742**

————————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WILLIAM HASKINS, a/k/a Julio, a/k/a K.C.,

        Defendant - Appellant.

————————————

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield. David A. Faber, Senior District Judge. (1:95-cr-00072-7)

————————————

Submitted: April 16, 2015         Decided: April 20, 2015

————————————

Before AGEE and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

————————————

Affirmed by unpublished per curiam opinion.

————————————

William Haskins, Appellant Pro Se. Miller A. Bushong, III, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Haskins appeals from the district court's order denying his 18 U.S.C. § 3582(c)(2) (2012) motion for reduction of his sentence based on Amendment 750 to the U.S. Sentencing Guidelines Manual. We affirm.

The district court properly concluded that it lacked authority to grant a sentence reduction under § 3582(c)(2) because Haskins' Guidelines range was driven by his career offender designation and not the crack cocaine Guidelines provisions. See United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010). To the extent that Haskins challenges the continued viability of that designation, such a claim is not properly pursued in a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817 (2010) (explaining that § 3582(c)(2) does not authorize full resentencing, but permits sentence reduction only within narrow bounds established by the Sentencing Commission).

Accordingly, we affirm the district court's order. See United States v. Haskins, No. 1:95-cr-00072-7 (S.D.W. Va. Aug. 31, 2012). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

2